IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 MAY 25  P 1: 14

| | |
|---|---|
| DEBRA CALDWELL-BUSH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLOBE HOME WARRANTY and )<br>RUBY WRIGHT, et al, )<br>)<br>Defendants. ) | Civil Action No.: 2:06cv475-DRB |

## NOTICE OF REMOVAL

Comes now the defendant Globe Home Warranty, and pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, hereby gives notice that this civil action is removed from the Circuit Court of Lowndes County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division, and in support thereof, states as follows:

**I.     The Lawsuit**

1.     Plaintiff Debra Caldwell-Bush filed suit in the Circuit Court of Lowndes County, Alabama, over a home warranty claim she submitted to Globe Home Warranty ("Globe"). (Exhibit 1, Complaint, ¶ 4-5). She specifically seeks recovery for (1) breach of warranty, (2) breach of warranty contract, (3) negligently handling her warranty claim, (4) conversion of the home warranty premium, (5) battery for exposing her family to electrical dangers, (6) misrepresenting the quality, the level of care, and the value of the warranty, and (7) outrage for failing to honor the warranty. The plaintiff seeks compensatory and punitive damages in the total amount of $178,129.00. The summons

and complaint were served on Globe on April 25, 2006, and this action is being timely removed to this Court.

2.  A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 exclusive of interest and costs and the action is between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

## II.  Complete Diversity

### A.  Co-Defendant Ruby Wright is not an Alabama resident.

3.  There is complete diversity between the parties in this case. The plaintiff is a resident and citizen of Alabama. Defendant Globe was incorporated in Delaware and has its principal place of business in Winter Park, Florida. For diversity of citizenship purposes, Globe is a citizen of Delaware and Florida. The complaint alleges that co-defendant Ruby Wright, the seller of the home, is a resident of Lowndes County. The complaint provides no address, and no summons has been issued by the Lowndes County Circuit Clerk for Ms. Wright. (Exhibit 1). However, upon information and belief, and based upon the undersigned's investigation, Ms. Wright actually moved to Georgia in February 2005. She is employed in Georgia and has now purchased a home in Georgia. For purposes of diversity of citizenship, the citizenship of a party is determined based

2

upon the citizenship at the time the action was filed and at the time of removal. *Porterfield v. Flowers Banking Co. of Opelika*, No. 2:05-CV-937-MEF, 2006 U.S. Dist. LEXIS 28012 (M.D. Ala. May 1, 2006) (not for publication). Upon information and belief, Ms. Wright was a resident of Georgia at the time this action was filed and at the time of removal. Therefore, the parties are completely diverse.

**B.    Co-Defendant Wright is also fraudulently joined.**

4.    Even if co-defendant Wright were a citizen of Alabama, she has been fraudulently joined in this action to destroy federal court jurisdiction. The citizenship of a resident defendant fraudulently joined should not be considered by a court for purposes of determining diversity jurisdiction. *Sellers v. Foremost Insurance Co.*, 924 F.Supp. 1116 (M.D. Ala. 1996) (finding that the sellers of a mobile home were fraudulently joined as defendants to defeat diversity). To establish fraudulent joinder, the removing party must show either (1) that there is no possibility that the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) that there is no joint, several, or alternative liability, and the claim has no real connection as to the claim against a non-diverse defendant. *Cope v. American International Group*, No. 3:05CV751-WHA, 2006 U.S. Dist. LEXIS 8040 (M.D. Ala. Feb. 9, 2006).

5.    The plaintiff has fraudulently pled jurisdictional facts. The plaintiff avers in the complaint that co-defendant Wright is a resident of Lowndes County, yet the defendant's investigation undertaken with the real estate agent and in telephone calls to

Ms. Wright reveal that she has lived in Georgia since February 2005, is employed in Georgia, and owns a home in Georgia. While asserting that co-defendant Wright is a resident of Lowndes County, the plaintiff has provided no address or other location where she can be served, and no summons has been issued to her. *See, Sellers v. Foremost Ins. Co.*, 924 F.Supp. at 1118 (observing that there is not a license to join parties or make claims without any factual basis or justification).

      6.    Furthermore, the plaintiff's complaint does not establish a cause of action against co-defendant Wright, and there is no real connection between her and the claims asserted against Globe. This case is about the plaintiff's electrical claim submitted under her home warranty with Globe. The written warranty was issued to the plaintiff, and Ms. Wright has no connection with, control over, or responsibility for the handling of the warranty claim. Furthermore, the complaint does not establish a cause of action against Ms. Wright. The only possible viable claim as to Ms. Wright could be Count 6 alleging that the defendants misrepresented the quality of service, the level of care, the actual value of the warranty, and the facts that the defendant would not honor the warranty/contract. (Exhibit 1, Complaint, ¶ 16). Under Alabama law, a used home is subject to *caveat emptor* (or buyer beware), and Ms. Wright has made no warranty as to the plaintiff's purchase of the home. *See, Ray v. Montgomery*, 399 S.2d 230, 232 (Ala. 1980) (Alabama retains the *caveat emptor* rule with regard to the resale of used residential real estate). Even more so, Count 6 does not satisfy Rule 9 of the Alabama Rules of Civil Procedure (or the Federal Rules of Civil Procedure) requiring that fraud be

alleged with particularity, and the generalized allegations in that Count relate to matters of opinion. The Committee Comments to Rule 9 of the Alabama Rules of Civil Procedure state that the "pleading" must show time, place, and contents or substance of the false representations, the fact misrepresented, and the identification of what has been obtained. *See also*, *Hartford Fire Insurance Co. v. Clark*, 61 S.2d 19 (Ala. 1952) (a mere expression of opinion or legal conclusion as to the meaning of a contract is not sufficient to show fraud or misrepresentation). In addition, the warranty contract was provided to the plaintiff, and she could not have reasonably relied upon any alleged fraud committed by seller Ruby Wright.

7. The parties in this action are completely diverse, and upon information and belief, co-defendant Ruby Wright is actually a resident and citizen of Georgia. Even if Ms. Wright were an Alabama resident, she should not be considered for purposes of destroying complete diversity because she has been fraudulently joined in this action to destroy the ability to remove the case.

**III.    The plaintiff's complaint establishes the amount in controversy.**

8. The plaintiff's complaint seeks compensatory and punitive damages totaling $178,129.00 and establishes that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *See, Fitzgerald v. Beasom Automated Entrance Systems*, 282 F.Supp. 2d 1309, 1313 (M.D. Ala. 2003) (when the complaint seeks damages exceeding $75,000.00, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy).

9. Prior to removing this action, defense counsel invited the plaintiff to provide the proper documentation to continue processing her claim (Exhibit 2) and received the enclosed matter attached hereto as Exhibit 3 further indicating that the case involves an amount in controversy in excess of the jurisdictional limit. *See also, Jackson v. American Bankers Insurance Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997) (noting that it is not the settlement value of a case that determines whether the jurisdictional amount is in controversy because the appropriate measure is the litigation value of the case assuming the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint—by definition, offers to settle a claim by a plaintiff involves their willingness to take less than the amount than they would expect to obtain by a jury verdict in order to secure immediate payment and avoid the inconvenience of litigation). The amount in controversy for diversity jurisdiction is satisfied.

**IV.   Statutory requirements and local rules have been satisfied.**

10. Globe was served with a copy of the summons and complaint on April 25, 2006, and this notice of removal is therefore being timely filed within thirty days of service of the petition or process upon this defendant pursuant to 28 U.S.C. § 1446(b), calculated in accordance with Rule 6(a) of the Federal Rules of Civil Procedure.

11. The requisites for removal under 28 U.S.C. Section 1441 have been met.

12. The removing defendant is filing a copy of the Notice of Removal with the Lowndes County Clerk's office and providing the plaintiff's attorney with written notice of the filing of the Notice of Removal as required by 28 U.S.C. § 1446(d).

13. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, a true and correct copy of all process, pleadings, and orders served on this defendant is attached hereto through the certified copy of the court file from the Lowndes County Clerk's office which is marked as Exhibit 1.

14. The removing defendant requests and reserves the right to amend and supplement this notice of removal and specifically requests, should the Court deem this submission to be inadequate, for leave to conduct limited discovery only as to jurisdiction. (See Exhibit 4, Affidavit of Steven K. Herndon).

Respectfully submitted,

/s/ Steven K. Herndon
Steven K. Herndon (HER028)
Attorney for Defendant
Globe Home Warranty

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
Telephone: (334) 834-9950
steve@ghhclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 25th day of May, 2006.

Mr. Mickey J.G. McDermott
Attorney at Law
P.O. Box 34
Montgomery, AL 36104

_____
Counsel