IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBRA CALDWELL-BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:06cv475-DRB |
| | ) | |
| GLOBE HOME WARRANTY and | ) | |
| RUBY WRIGHT, et al, | ) | |
| | ) | |
| Defendants. | ) | |

RECEIVED
2006 MAY 25  P 1: 15

## MOTION TO COMPEL ARBITRATION AND STAY ACTION

Comes now defendant Globe Home Warranty ("Globe") and hereby moves this Honorable Court to compel arbitration and to stay this action and in support thereof states as follows:

1.  The plaintiff Debra Caldwell-Bush has filed suit over a home warranty claim she submitted to Globe Home Warranty. (Exhibit 1, ¶¶ 4-5). The claims arise out of and relate to her written warranty contract attached hereto as Exhibit 2A. The written warranty contract specifically provides any controversy or claim arising out of or relating to the contract shall be settled by binding arbitration conducted through the American Arbitration Association ("AAA"). (Exhibit 2A, ¶ 19). The provision specifically provides as follows:

> 19. Dispute Resolution: Any controversy or claim arising out of or relating to this contract shall be settled by binding arbitration conducted in the capital city in accordance with the existing rules of the American Arbitration Association and shall be governed by the laws of the State in which the dwelling is located only. Any award rendered by the arbitrator(s) shall be final, binding and conclusive on all parties for all jurisdictions.

> The arbitrator(s) shall cause the losing party to pay the reasonable attorney's fees and costs of the prevailing party and disbursements related to the arbitration process and any appeal thereof. Any controversy or claim must be submitted to arbitration within six (6) month (or period required by law) from date in which controversy or claim first arose and if not brought within such time (time being of the essence), the party seeking to resolve such controversy or claim shall lose all rights and remedies with respect hereto.

2.    The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, provides that private agreements to arbitrate disputes are to be enforced according to their terms. Wilson v. Waverlee Homes, Inc., 954 F.Supp. 1530, 1533 (M.D. Ala. 1997) (citing Volt Info. Sciences, Inc. v. Bd. Of Trustees of Leland Stanford, Jr. Univ., 489 U.S. 468, 479 (1989)). The FAA states in relevant part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist under law or inequity for revocation of any contract.

9 U.S.C. § 2.

3.    The FAA governs the parties' arbitration agreement, which is contained in a contract involving and affecting interstate commerce, and pursuant to the FAA, this Court should compel the plaintiff to arbitrate her claims against the defendant.

4.    In support of this motion to compel, Globe attaches the affidavit of Fred Peyton, General Manager of Globe Home Warranty Company along with exhibits attached thereto. (See Exhibit 2).

WHEREFORE PREMISES CONSIDERED, the defendant respectfully requests this Honorable Court to enter an order compelling the plaintiff to arbitrate her claims against this defendant and further staying this action pending arbitration.

Respectfully submitted,

_____
Steven K. Herndon (HER028)
Attorney for Defendant
Globe Home Warranty

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
Telephone: (334) 834-9950

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 25th day of May, 2006.

Mr. Mickey J.G. McDermott
Attorney at Law
P.O. Box 34
Montgomery, AL 36104

_____
Counsel

3